07-7005 David J. Hines v. Secretary of Veterans' Affairs, Mr. Carpenter. Thank you very much, Your Honor. Good morning. Kevin Carpenter appearing on behalf of David Harms. Court, please. Mr. Harms' appeal to the Veterans' Court was rejected on the basis of lack of jurisdiction. Mr. Harms is therefore denied the right of judicial review of a decision on the Board of Veterans' Appeals. The Veterans' Court incorrectly found that a decision by the Board on a motion to vacate under 38 CFR 20.904A was the same as a motion for reconsideration under 20.1000. These are not the same types of decisions. The decision of the Veterans' Court was that the decision had to be made, excuse me, the motion had to be made within 120 days of the original decision in order to properly invoke the Veterans' Court jurisdiction. Mr. Harms respectfully disagrees and suggests that the Veterans' Court has misinterpreted and misread 7252 and 7266 when the decision called for by the VA's regulation is a decision of the board. As a decision of the board, that decision is entitled to judicial review. Mr. Harms finally filed his notice of appeal with the denial of the motion for, excuse me, the motion to vacate under 20.904, and the Veterans' Court improperly dismissed the appeal for lack of jurisdiction. The motion to vacate the amount was filed five years later? Yes, Your Honor. Why? Because there is no time limit described in the regulation as to when the motion for the vacate can be filed, as there is no limitation on the motion to review for clear and unmistakable error or a motion for reconsideration. The only difference in a motion for reconsideration is that if the motion for reconsideration is filed within 120 days, that stays the time for the court's interpretation of that jurisdiction of the law. As a consequence- Well, a motion for reconsideration would be filed within 120 days as required. Then the veteran would have another 120 days to appeal any denial. Well, to appeal the original board decision, and he could also appeal the denial of the motion. No, a motion for reconsideration. But- A motion for reconsideration is submitted to the chair of the board. That's correct. What difference does that make? Isn't that still an action that's taken by the board to the chairman? No, Your Honor. It's a specific statutory provision for an independent review by the chairman to determine whether there is obvious error. And this court, in its mayor decision, determined that, similar to the locomotive  discretion, this is not a question of discretion. This is a specific regulatory provision that permits the board itself to review its own decision under two specific grounds. One ground is a denial of due process. The other ground is a fraud. Fraud. These are very specifically defined and require a decision. And, in fact, in the way in which the regulation is written, the regulation actually concedes certain circumstances which will be considered violations of due process requirement. Can the chairman submit a petition for reconsideration after he considers it to the board? Under 1,000? 20.1,000? Yes. And, as a matter of fact, that's what happens. If the chairman decides that the matter needs to be reconsidered, then the chairman orders the underlying decision which he reconsidered to be vacated, and then the matter is resubmitted to the board. To the board. I believe the chairman probably has authority to make the decision himself, but the standard procedure is for the board to make the decision. Now, on the other hand, for a motion to vacate that goes to the board, so it doesn't go to the chair, it goes directly to the board, and the board has the authority to appeal it. That's right. For those two particular reasons. Yes. Now, the appeal from the board, then what? What is the time period for appeal on the now from the board? Well, as soon as the board makes its new decision, then under 7266, the clock would start running at 120 days from the date the board decision would be required for the notice of appeal to be filed, and that was done in this case, and Mr. Harms' notice of appeal was filed within 120 days. What the court below found was is that that 120-day clock began at the time of the original board decision, not at the time of the second board decision, and that the only way that Mr. Harms could have stayed that clock would have been had he filed similar to a 20.1000 motion, filed his motion to vacate within 120 days. But Mr. Harms isn't making any new factual evidence claims here. He is just making legal arguments, the sort of things that could have been made by appealing the 2002 decision, right, rather than asking to vacate. You mean the 19, was it 2002? The final decision. Yes. In other words, he's challenging the final decision on legal grounds, which you usually do by a direct appeal. Instead, he's vacating and thereby avoiding any time limits on the appeal process. Is that what's going on there? Well, that is the net result, Your Honor. Yes. However, the fact is, is that by regulation, he is limited to only two grounds. He can only assert in his motion to vacate under 20.904A a denial of due process by the board or a fraud that was perpetrated on him. Yeah, those are the main arguments. In a direct appeal, well, but in a direct appeal, Your Honor, he would not be limited to those issues. And quite frankly, I'm not sure how one would present a fraud claim to the board. I suppose that's possible theoretically. But it seems to me that that would have to be something that would have to be decided on the fraud side of the equation in the first instance by the board. And it seems to me that what the Secretary has done here is under his authority under 501 is to promulgate a regulation similar to the regulation that he promulgated in 3.105A for review for clear and unstateful error. Prior to the statutory provisions, there were no similar provisions for internal review, if you will, for a clear and unmistakable error. And the same would be true of that scenario, that an original decision could have been directly appealed as opposed to coming back for the more formidable burden of establishing clear and unmistakable error. The burden under 20.904A is to show either a denial of due process and to have a decision on that allegation, which would then be subject to judicial review. And that's what the Veterans Court denied Mr. Harms the opportunity to have was judicial review of that decision. I think it's also noteworthy, Your Honor, to look at the authorizing statute for this, which is not 7103C, but 7104A. And 7104A includes in subsection D the reasons and basis requirement. Obviously, one of the problems and the belief that Mr. Harms had that he was entitled to review was that the board gave no reasons or basis for his decision to deny his motion to vacate. Clearly, under 7104, he would- If he would just have been on the motion to vacate, the only thing they should have looked at is just that motion rather than the underlying legal issues. Well, the underlying legal issues are what's presented in the motion. I'm not sure how you would separate them. You make the motion, the board- See, for all the other becomes the appeal that should have been made in 2002. Oh, no. No, no, no. I don't believe you can go back to the underlying decision to review except as to specific allegations of denial of due process or an allegation of fraud. That's all going around the final judgment finding another way to appeal the final judgment in 2002. Only you're doing it in 2005 instead of in a timely fashion. But with respect, Your Honor, that's a method that has been provided by the Secretary. And there's simply no reason for this court or the court below to say to the Secretary, you don't have the right to provide this alternative method. It may be fairly and accurately characterized as you suggest, but it is a methodology that has been provided by regulation. And if it's been provided by regulation, then it is unlawful for the lower court to have denied Mr. Harms the right to have that alternative methodology reviewed. Mr. Carlin? Yes, sir. What about 20.904B, the fraud section? That can be brought by the court also at any time? Yes, sir. And actually, I believe the motion to vacate can be brought by the court itself. Well, that's what it said. And at that point in time, they can also diminish the benefits that would have been allowed through fraud. Through fraud, yes, sir. You're extending that time period to the court at any time. Should the court also be limited after it finds a fraud or the fraudulent evidence that caused the benefits to be issued? I think in fairness to the agency, if the agency discovers a fraud at some point in time, let's say 20 years down the road, that they should not be prohibited from making that decision. But likewise – Once they discover that fraud. It may be limited at that point by a certain time. Oh, I see. Well, the regulations don't provide that. That would make intuitive sense that there should be some point in time in which they have to bring it. There is a specific statute that says that if a warrant is in place for 20 So even with a protected rating, they have by regulation – After fraud is discovered, there should be a certain period of time. Well, there should be, but there is none provided for in the regulation, any more than there is a point of time provided for by the veteran. Should there? Yes, I believe there should be. On both A and B? Well, I didn't write the regulation. It's not my job to write the regulation. I think that probably is advisable for the agency to have in its regulation, and I think there are some due process considerations that require it. But at this point in time, neither prerequisite is in the regulation. Thank you. I'll reserve the balance of my time. Thank you, Mr. Kirkland. May it please the Court. Mr. Harms concedes that the 120-day period for challenging the 2002 decision had expired. He also concedes in his reply brief that his challenge to the denial of the motion to vacate would place before the Court exactly the same substance as he could have challenged as a direct appeal. 38 CFR 2904. An appellate decision may be vacated by the Board of Veterans' Appeals at any time. Yes, Your Honor. The issue here is not whether or not the Board has the authority to vacate a decision. The issue for this Court is the jurisdiction of the Veterans' Court to review that, and whatever the validity of the Board's authority to address the motion to vacate, that authority cannot be used to aggrandize or to extend the jurisdiction of the Veterans' Court. Are you saying that if the Chairman makes a clear error by declining to review the charge of fraud, nonetheless that can't be reviewed by the Veterans' Court? Your Honor, there are ways to address, there are remedies that the veteran would have in the case of due process error. And I guess I would like to clarify that the fraud issue, actually the regulation the way it's written, it only applies to fraud by the veteran. It's not fraud by the VA, and the VA is to act in the interest, to some extent, of the veteran. And the fraud section only applies to fraud by the veteran. But, for example, if there were a due process violation, the veteran could always challenge this as an acute claim. It's a totally separate procedure. Or perhaps seek benefits through a motion to reopen under 5108. So Congress has established methodology and processes for addressing these types of errors. And essentially what Mr. Harms would like to do is to circumvent the process that's been created by Congress and to seek an alternate route of challenging courts' actions, and in this case through essentially circumventing the 120-day rule. Because what we have here is a mission that— Aren't you limited to just due process and fraud then? I'm sorry? Aren't you limited to just due process and fraud? You're circumventing, but you're limited to due process and fraud. Theoretically, there is some limitation there, but as you see in this case, the limitation, if allowed, wouldn't be that extensive. Here, the due process allegation is essentially that the board didn't have jurisdiction to address a claim that had to be remanded once it found that there was new material evidence, and also a claim that basically the burden of proof was wrongly placed on the veteran, and these are alleged as due process violations. So you get a variety of claims that are couched in terms of due process that are brought for the veterans' court. Mr. Harms' interpretation is contrary to the purpose of the statute of limitations, which is to encourage or discourage the presentation of stale claims by people who sleep on their rights. Here, there's been no allegation that Mr. Harms couldn't have brought this within the 120-day period. In fact, he says that his challenge would have brought before the court the same substance as he could have brought in a direct challenge to the 2002 court decision. We also believe that just as with motions for reconsideration, the same rule should apply, and that's what the veterans' court entailed here in its en banc decision. There's really no reason to distinguish between reconsideration and vacater. One issue that's been brought up is the difference between the chairman and the board, but I think this case demonstrates this can be a very thin line. Here, there was a decision by one individual. Had this been a motion for reconsideration, that same individual probably could have addressed this question of reconsideration, but instead it was addressed as a motion to vacate, and one individual decided that motion to vacate. So in both cases, you'd have a decision by one individual deciding it, and I think there's no reason to believe that Congress intended a different result just because of the person was wearing a hat as a designee of the chairman or the person was wearing a hat as a member of the board. In addition, there's... No, Your Honor. Yes, Your Honor. Yes, Your Honor. I believe the process is both with reconsideration and with vacater that, for example, with reconsideration, you have just the chairman who addresses it and perhaps the designee of the chairman, and I think if the chairman or his designee decides that reconsideration is appropriate, then I think it would go to the full board, and the regulations provide for that. Here, it can be decided by one individual motion to vacate. And I would also add that the person could file unlimited amounts of motions to vacate. I mean, Mr. Harms could file a motion to vacate tomorrow, and this would be filed repeatedly. But there is no basis to distinguish between reconsideration and vacater. In addition to the fact that it's supposed to be decided by one individual, you also have the similarities between reconsideration and vacater. For example, the fraud provision. Fraud provision is virtually identical and is subsequently identical in reconsideration and vacater. In addition, at the time that... Yes, between reconsideration and vacater. So, for example, an individual can file a motion for reconsideration. Actually, the veteran wouldn't file a motion for reconsideration, I believe, based on fraud, because it is directed just towards fraud by the veteran. If you file it within 120 days, there would be the possibility of review under some circumstances. No, Your Honor. What we're saying is... Yes, Your Honor. ...is that if you file your motion for reconsideration outside of the 120-day period, then there is no jurisdiction in this Court whatsoever to address any issue with respect to that claim, either the original decision or the motion, the denial of the motion for reconsideration. We argue and contend that the same rule should apply here, and there's no basis for distinguishing vacater and reconsideration with respect to what rule should apply if the motion to vacate or the motion to reconsider is filed after 120 days. There are a host of similarities between reconsideration and vacater. In addition, when vacater was established, there were links between the two. Vacater cross-referenced reconsideration. They discussed these in similar terms. In fact, in some place, the regulation regarding vacater actually refers to reconsideration. Your Honor, even if the Court were to decide that a different rule should apply than the rule for reconsideration, even in that context, we contend in the alternative that this Court should look to the Supreme Court's decision, Locomotive Engineers. Under that decision, unless the individual raises allegations that involve new evidence or changed circumstances, there's no review of that decision or determination, and that's no matter when it's filed. And we believe that in this case, there has been no allegation of new evidence or changed circumstances. All there is is basically perhaps a new argument, but the Supreme Court's decision and subsequent decisions interpreting Locomotive Engineers have held that just a new argument does not provide a jurisdiction. There's no jurisdiction to review a new argument. And basically, the reason for allowing some review of new evidence and changed circumstances is perhaps that would not be able to be reviewed unless there were a provision for review of that after a certain time period. But as we argue in our brief, we don't believe that there is any jurisdiction. The Court doesn't even need to go to the issue of whether or not there's new evidence or changed circumstances because under the statutory review of the jurisdiction in this case, that is not a final decision of the Board. If you look to Section 7104, for example, of the statute, it discusses the jurisdiction of the Board, and it discusses in terms of a decision that arrives to the Board from the VA. It's not a decision that starts with the Board. Essentially, Mr. Harms is contending that this is some new matter, that his motion to vacate creates an entirely new separate case that's decided by the Board, and that's not the case. What happens here is in all instances aside from Q, which I'll address, but in all instances aside from Q, you have a decision that starts with the VA. They address it in the first instance. The Board is essentially an appellate body that addresses these matters, and so they all come up from the VA to the Board. In addition, the statutes state that there must be an order providing relief or denying relief, and the regulations state this relief is in the form of denying benefits or granting benefits. Here, there was no order granting or denying benefits. In fact, there couldn't have been. Even if there was an order granting the vacater, all it would do is put it back to the Board to then issue a new decision given whatever the alleged error was in that case. These are regulations that are published by the VA, and in that particular regulation for Movement Item 4, they state at any time upon request. What does any time mean? Is there any limitation on that? No, Your Honor. The Board has not interpreted there to be any limitation both for motions to reconsider and for motions to vacate. They're similar in that context, too, that in both cases, reconsideration and vacater, there is no limitation on the time frame for filing a motion to vacate or motion for reconsideration. So, for example, 20 years down the line, you could seek reconsideration with the Board. But our contention here is not that this regulation is invalid, but just that interpreting the jurisdiction of this court, the court cannot use this regulation, which the vacater is not a creation of Congress. It's a creation by the VA, but the court cannot use this regulation to extend the jurisdiction of the Veterans Court beyond where Congress intended. And I think based on fair interpretation of the statute, there is no basis to believe that Congress intended for there to be reviews 20 years after the Board's decision on the merits of a claim for benefits based on just the artifice or the device of filing a motion to vacate. I would like to, I think Mr. Harms in his brief addresses acute claims, says that perhaps because of the existence of acute claims, this demonstrates that not all Board decisions start with the VA, but as a separate provision, it took a legislative amendment to allow there to be decisions that start with the Board or appeals that start with the Board. And acute is a very unique context. The regulations also indicate that the rules governing normal appeals do not apply to acute appeals. So these are very different rules that apply. In addition, even in the context of acute claims, not all actions of the Board are final decisions of the Board that can be reviewed. For example, if the Board decides on an acute claim to dismiss without prejudice, that's not a final decision of the Board and it can't be appealed to the Veterans Court. You're not telling us that that situation exists here? No, Your Honor. I'm just saying that there was an argument by Mr. Harms that because of the fact that there are these acute claims that perhaps it suggests that not all claims, not all appeals start with the VA, but what we are contending is that that is distinguishable on the basis that it's an entirely different context. Acute claims are entirely different. It was allowed by Congress or Congress amended the statute to allow for appeals that start with the Board with respect to the acute claims, and they didn't do so with respect to other normal appeals. And the fact that they did not do so also is a further indication that they did not intend for jurisdiction in the Veterans Court to address the substance of claims that are 20 years, 10 years old. Is there any further questions? Thank you, Your Honor. Thank you. Mr. Gruber. Your Honor, the court please. The government suggests that Mr. Harms is attempting to extend the jurisdiction in the Veterans Court. On the contrary, Mr. Harms is trying to enforce the jurisdiction granted by Congress to the Veterans Court. The Veterans Court is charged with the exclusive jurisdiction to review decisions of the Board. This is or was a decision of the Board. The government attempts to say that it's not a decision of the Board because it's like a motion for reconsideration. Well, it is like a motion for reconsideration, but it is also different. It is not decided by the chairman. It is decided by a member of the Board. In response to the inquiry that you made, Judge Guyerson, decisions, motions to vacate are decided either by the Board member who actually makes the decision or this because it is at any time Board decisions previously were made by three members, and all three members would be responsible to reconsider or, excuse me, to examine the motion today if it was a three-judge, administrative-law-judge decision by the Board. The substance of Mr. Harms' appeal is that the Veterans Court was wrong, as the VA is wrong, in asserting that a motion for reconsideration is the same as a decision by the Board on a motion to vacate. A decision is required by the Board under their own regulation. As a Board decision, the Congress amended the jurisdiction of the Court of Appeals for Veterans Claims to take out the jurisdictionally conferring notice of disagreement requirement, and when they did that, all that was required was a final decision by the Board. When the Board makes a decision on a motion to vacate, it is made a final decision. That decision is subject to a judicial review. Thank you, Your Honor. Thank you, Mr. Carpenter. Mr. Dugard, this is to do with this motion. All rise. The Honorable Court is adjourned until tomorrow morning at 10 o'clock AM. I'm going to have to come back at 2. You're back again tomorrow? I'm going to have to come back at 2. Oh, no, no, you don't have to come back at 2. I do.